## CIRCUIT COURT OF FREDERICK COUNTY

Racey

    v.

Henderson

January 2, 1986

Case Nos. (Law) 4378, 4379

By JUDGE HENRY H. WHITING

In this case the Court must decide whether verdicts in personal injury cases brought by a father and son for wounds received when each were struck by the same shotgun blast while hunting are "so excessive as to shock the conscience of the Court and to create the impression that the jury has been influenced by passion, corruption or prejudice, or has misconceived or misunderstood the facts or the law, or. . . [are] so out of proportion to the injuries suffered to suggest that it is not the product of a fair and impartial decision. . . ." *Smithey v. Sinclair Refining Co.*, 203 Va. 142, 146 (1961).

The defendant claims only that the individual amounts awarded ($7,500 in each case plus $519.30 awarded the father for his own and his infant son's medical expenses) are "so high as to bear no reasonable relation to the damage sustained and which therefore [are] not supported by the evidence. . . and create the impression that the jury misconceived or misunderstood the facts or the law and. . . [are] not the product of a fair and impartial decision." (Memorandum, pages 2-3.)

Citing several other cases as giving an "average verdict" ratio which the Court should apply in this case, the defendant argues for a remittitur. However, each case is unique. While a smashed thumb in 1966 resulting in

a 15% partial disability of the thumb and $62 in medical expenses was not worth $10,000 for an injury, the Court described it as "a common mishap from which few people escape during the course of a lifetime" in *National Cab v. Thompson*, 208 Va. 731, 738 (1968), can we equate that to the impact and damage to a father and son being shot simultaneously and in the presence of each other? Alternately, the very case cited by the defendant as an "average verdict" authority, *Smithy*, *supra*, sustained a remittitur from $15,000 to $5,000 on a personal injury case with "no permanent injuries of any nature or kind" (*id.*, at 144), with medical bills of $58, loss of wages of $45, for a total of $103, or almost *fifty* times the special damages. These awards are only thirty times the special damages.

Citing no authority for the contention, the defendant argues that the Court must infer a misapplication of the law because the verdicts are the same for pain and suffering and exactly one-half the amounts sued for. I am unaware of any cases supporting any such inference and I must assume that the jury exercised its honest judgment in assessing damages in conformity with its oath and the Court's instructions.

The medical expenses for the son were $253.40 and for the father were $265.90. The doctors' reports show that both received wounds and required treatment. While I might not have awarded this much as a juror, I cannot find that I should intervene and require a remittitur.